IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CLAUDIO MORALES,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN EDGE,<br><br>    Respondent. | CIVIL ACTION NO.: 2:18-cv-106 |

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Petitioner Claudio Morales's ("Morales") failure to comply with the Court's January 11, 2019 and February 27, 2019 Orders and Respondent's Motion to Dismiss. Docs. 8, 17, 19. For the following reasons, I **RECOMMEND** the Court **DISMISS** Morales's Petition **without prejudice** for failure to follow the Court's Orders, or alternatively, **GRANT** Respondent's unopposed Motion to Dismiss and **DENY as moot** Morales's Petition. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Morales leave to appeal *in forma pauperis*.[1] I **DENY as moot** Morales's Motions to Supplement. Docs. 4, 6.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Morales that his suit is due to be dismissed. As indicated below, Morales will have the opportunity to

**BACKGROUND**

On September 7, 2018, Morales filed his 28 U.S.C. § 2241 Petition for writ of Habeas Corpus to challenge the denial of placement in a community reentry center.  Doc. 1 at 2.  After Morales paid the requisite filing fee, he filed two motions to supplement his Petition.  Docs. 4, 6.  Morales then filed a notice of change of address to inform the Court he was housed at D. Ray James Correctional Facility in Folkston, Georgia.  Doc. 10.  The Court directed service of Morales's Petition on January 11, 2019, and advised Morales he was to "immediately inform this Court in writing of any change of address.  Failure to do so will result in dismissal of this case."  Doc. 8 at 2.

On this same date, the Court also administratively stayed the proceedings in this case due to the lapse in federal appropriations.  Doc. 9.  The Court's Orders for service and the administrative stay were sent to Morales at the most recent address the Court has for him, and Morales's mail was returned as undeliverable with the notations "Return to Sender, Not Deliverable as Addressed, Unable to Forward" and "Return to Sender, Not at this Facility," respectively.  Docs. 11, 14.  After the Court lifted the administrative stay, doc. 15, Respondent filed his Motion to Dismiss.  Doc. 17.  The Court's Order lifting the stay was sent to Morales at the most recent address it has for him, and this Order, too, was returned with the notation "Return to Sender, Not at this Facility."  Doc. 18.  The Court ordered Morales to respond to the Motion to Dismiss within 14 days of that Order on February 27, 2019, and advised Morales the Court would determine he did not oppose the Motion and would grant it as unopposed if Morales

---

present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

2

failed to respond. Doc. 19. This Order was also returned as undeliverable with the notation "Return to Sender, Not at this Facility." Doc. 20. In addition, Morales has made no filings in this case in over three months' time.

## DISCUSSION

The Court must now determine how to address Morales's failure to comply with this Court's Orders. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Morales's Petition. In the alternative, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DENY as moot** Morales's Petition. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Morales leave to appeal *in forma pauperis*.

**I.   Dismissal for Failure to Prosecute and to Follow this Court's Orders**

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of

---

[2]   In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. However, in this case, Morales was forewarned of the consequences of failing to update his address and to respond to the Motion to Dismiss. Doc. 8 at 3; Doc. 19.

3

record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

4

Morales has not updated the Court with his current address, despite the Court's instruction to him regarding this obligation. Doc. 8 at 2. And Morales has failed to respond to Defendant's motion to dismiss. The Court has no means by which it can communicate with Morales and is unable to move forward with this case. Thus, the Court should **DISMISS without prejudice** Morales's § 2241 Petition. Doc. 1.

## II. Whether Morales's Petition is Moot

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v.

United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

Should the Court wish to reach Respondent's Motion to Dismiss, as noted above, Morales challenges the denial of his placement in a community reentry program. Doc. 1 at 2. Morales requests as relief that the Court order the Residential Reentry Manager and the Warden to "exercise their discretion [to place Morales in a community reentry center] and review" his case according to applicable laws and regulations. Id. at 8. However, Respondent asserts Morales had already been released from custody at the time he filed his Motion to Dismiss, rendering moot Morales's Petition. Doc. 17 at 1–2. As Morales only requests that consideration of his placement in a residential reentry program and he has been released from custody, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216.[3] Accordingly, the Court should **GRANT** Respondent's unopposed Motion to Dismiss and **DENY as moot** Morales's Petition for Writ of Habeas Corpus.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Morales leave to appeal *in forma pauperis*. Though Morales has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the

---

[3] The Eleventh Circuit Court of Appeals has recognized that release from custody may not necessarily render a habeas petition moot where "success for [the petitioner] could have altered the supervised release portion of his sentence." Watkins v. Haynes, 445 F. App'x 181, 183 (11th Cir. 2011). Here, Morales did not ask the Court to "equitably reduce[] [his] term of supervised release." Id. Where a petitioner seeks an earlier release from incarceration and "does not allege that he may be subjected to future adverse or 'collateral' consequences because of the delay in his release," his petition is moot. Morris v. Crews, No. 3:14CV12, 2014 WL 3057101, at *2–4 (N.D. Fla. July 7, 2014) (collecting cases); see also Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (where petitioner "will suffer no collateral dismissal of his [habeas] petition" without prejudice, "[t]he district court properly dismissed the petition as moot").

6

Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Morales's failure to follow this Court's directives and Respondent's unopposed Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Morales *in forma pauperis* status on appeal.

## CONCLUSION

I **RECOMMEND** the Court **DISMISS** Morales's Petition **without prejudice** for failure to follow the Court's Orders, or, in the alternative, **GRANT** Respondent's unopposed Motion to Dismiss and **DENY as moot** Morales's Petition.  I further **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Morales leave to appeal *in forma pauperis*.  I **DENY as moot** Morales's Motions to Supplement.  Docs. 4, 6.

7

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Morales at his last known address and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of April, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA